a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| TREVOR A. EDDEN #566294,<br>Plaintiff | CIVIL DOCKET NO. 5:20-CV-01392<br>SEC P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JERRY GOODWIN,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1) filed by *pro se* Petitioner Trevor A. Edden ("Edden"). Edden is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the David Wade Correctional Center. He challenges his sentence for domestic abuse battery imposed in the First Judicial District Court, Caddo Parish.

Because Edden is not entitled to relief, his Petition (ECF No. 1) should be DENIED and DISMISSED WITH PREJUDICE.

I. Background

Edden was convicted of domestic abuse battery, fourth or subsequent offense. *State v. Edden*, 52,288, p. 1 (La.App. 2 Cir. 11/14/18); 259 So.3d 1196, 1198, *writ denied*, 2018-1961 (La. 4/15/19); 267 So.3d 1124, and *writ denied*, 2018-2063 (La. 4/15/19); 267 So.3d 1127. He was adjudicated a second-felony offender and sentenced to 37 years of imprisonment at hard labor. *Id.* at 1199.

Edden filed two separate *pro se* motions to reconsider his sentence, "raising numerous arguments unrelated to sentencing and ultimately asserting that he was sentenced 'over your guidelines,' because he was subject to a sentencing range of 10-30 years' imprisonment without the benefit of parole, probation, or suspension of sentence." *Id.* at 1199. Edden's attorney also filed a motion to reconsider sentence, raising a constitutional excessiveness claim. The trial court denied the motions, finding that the sentence was "appropriate, constitutional, and reasonable in light of the circumstances surrounding the event, as well as Edden's criminal history and the fact that the unadjudicated domestic abuse battery charge was dismissed by the State." *Id.* at 1199-1200.

Edden appealed on the grounds that his sentence is constitutionally excessive, but the sentence was affirmed. *Id.* The Louisiana Supreme Court denied writs. *Id.*

Edden then filed an application for post-conviction relief claiming that his sentence was unlawful. ECF No. 1-2 at 3-4. The application was denied. *Id.* Edden's writ application in the appellate court was denied on the showing made, and his writ application to the Louisiana Supreme Court was denied. ECF No. 1-2 at 1-2.

II. **Law and Analysis**

    A. **Edden's Petition subject to screening under Rule 4 of the Rules Governing § 2254 Cases.**

Rule 4 of the Rules Governing § 2254 Cases authorizes a district court to examine and dismiss non-meritorious habeas petitions prior to service of process. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (citing Rule 4 of the Rules Governing Section 2254 Cases) ("If it plainly appears from the face of the petition

2

and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.'"). Because Edden's Petition is plainly without merit, it should be denied and dismissed.

### B. The Court must conduct a deferential review under § 2254.

An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall be considered only on the ground that the applicant is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). The role of a federal court is to guard against extreme malfunctions in the state criminal justice systems, not to apply *de novo* review of factual findings or to substitute opinions for the determinations made by the trial judge. *See Davis v. Ayala*, 135 S. Ct. 2187, 2202 (2015) (citing *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011)).

Under § 2254 and the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas relief is not available to a state prisoner with respect to a claim that was adjudicated on the merits in the state court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See Martin v. Cain*, 246 F.3d 471, 475-76 (5th Cir. 2001), *cert. den.*, 534 U.S. 885 (2001). Therefore, § 2254(d) demands an initial inquiry into

whether a prisoner's claim has been "adjudicated on the merits" in state court. If it has, AEDPA's highly deferential standards apply. *See Davis*, 135 S. Ct. at 2198 (citing *Richter*, 562 U.S. at 103).

A state court decision is "contrary to" clearly established Supreme Court precedent if the state court applies a rule that contradicts the governing law set forth in Supreme Court cases, or confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. A state court decision falls within the "unreasonable application" clause when it unreasonably applies Supreme Court precedent to the facts. *See Martin*, 246 F.3d at 476; *see also Rivera v. Quarterman*, 505 F.3d 349, 356 (5th Cir. 2007), *cert. den.*, 555 U.S. 827 (2008).

A federal habeas court making the unreasonable application inquiry should determine whether the state court's application of clearly established federal law was objectively reasonable. A federal court cannot grant habeas relief simply by concluding that the state court decision applied clearly established federal law erroneously. Rather, a court must conclude that such application was also unreasonable. *See Martin*, 246 F.3d at 476.

An unreasonable application is different from an incorrect one. *See Bell v. Cone*, 535 U.S. 685, 694 (2002). When a state court determines that a constitutional violation is harmless, a federal court may not award habeas relief under § 2254 unless the harmlessness determination itself was unreasonable. *See Mitchell v. Esparza*,

4

540 U.S. 12, 18 (2003); *see also Davis*, 135 S. Ct. at 2199 (citing *Fry v. Pliler*, 551 U.S. 112, 119 (2007)).

### C. Edden's claim is without merit.

First, Edden claims that his sentence exceeds the maximum sentencing range for a second habitual offender under La. R.S. 15:529.1 and 14:35.3. To the extent that Edden is claiming that his sentence is excessive or otherwise inappropriate under Louisiana law, that claim is not cognizable in this federal proceeding.

Federal habeas corpus relief is available only to correct violations of federal constitutional law; therefore, federal courts do not sit to review alleged errors of state law. *Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998). Accordingly, a federal court will not review the legality of a petitioner's sentence under state law. *See, e.g.*, *Nyberg v. Cain*, Civ. Action No. 15-98, 2015 WL 1540423, at *12 (E.D. La. Apr. 7, 2015); *Phillips v. Cain*, Civ. Action No. 13-5868, 2014 WL 4425751, at *10 (E.D. La. Sept. 8, 2014), *adopted*, 2014 WL 5080246 (E.D. La. Sept. 26, 2014); *Brunet v. Goodwin*, Civ. Action No. 12-1974, 2013 WL 623505, at *12 (E.D. La. Jan. 22, 2013), *adopted*, 2013 WL 619278 (E.D. La. Feb. 19, 2013).

Edden's claim that his sentence is excessive under federal law is meritless. The Supreme Court has held that "the Eighth Amendment prohibits imposition of a sentence that is grossly disproportionate to the severity of the crime." *Rummel v. Estelle*, 445 U.S. 263, 271 (1980). It is extremely difficult for a petitioner to establish a lack of proportionality in violation of the Constitution. *Graham v. Florida*, 560 U.S. 48 (2010). In *Harmelin v. Michigan*, 501 U.S. 957 (1991), an offender was sentenced

to life without parole for possessing a large quantity of cocaine. A closely divided Supreme Court upheld the sentence. Similarly, *Ewing v. California*, 538 U.S. 11 (2003), a closely divided Court rejected a challenge to a sentence of 25 years to life for the theft of a few golf clubs under California's three-strikes statute. .

In *Lockyer v. Andrade*, 538 U.S. 63 (2003), the Supreme Court reviewed its decisions and rejected a habeas challenge of two consecutive terms of 25 years to life for a third-strike conviction. The petitioner had a string of burglary, drug, and property-crime convictions, capped by felony petty theft after he stole approximately $150 worth of videotapes. The sentence did not permit habeas relief because it was not contrary to or an unreasonable application of the clearly established gross disproportionality principle set forth in Supreme Court holdings. The Court admitted that its precedents in the area were not clear, which makes it quite difficult to obtain habeas relief under the deferential Section 2254(d) standard. *Id.* at 72. The Court concluded that the "only relevant clearly established law" with respect to an excessive sentence claim is "the gross disproportionality principle, the precise contours of which are unclear, applicable only in the exceedingly rare and extreme case." *Id.* at 73.

Federal courts accord broad discretion to state trial courts' sentencing decisions that fall within statutory limits. *Haynes v. Butler*, 825 F.2d 921, 923–24 (5th Cir. 1987), *cert. denied*, 484 U.S. 1014 (1988); *Turner v. Cain*, 199 F.3d 437, 1999 WL 1067559, at *3 (5th Cir. 1999) (because sentence was within Louisiana statutory limits and within trial court's discretion, the petitioner failed to state cognizable habeas claim for excessive sentence). Thus, if a sentence is within the statutory

limits, a federal habeas court will not upset the terms of the sentence unless the terms are grossly disproportionate to the gravity of the offense. *Harmelin v. Michigan*, 501 U.S. 957 (1991); *Solem v. Helm*, 463 U.S. 277 (1983).

Moreover, the Supreme Court has noted that successful proportionality challenges outside the context of capital punishment are "exceedingly rare," and constitutional violations are sustained only in "extreme" or "extraordinary" cases. *Ewing*, 538 U.S. at 22 (quotation and citations omitted); *Lockyer*, 538 U.S. at 73, 77 (quotation and citations omitted).

Here, Edden was convicted of domestic abuse battery, fourth or subsequent offense, in violation of La. R.S. 14:35.3(F), which carried a sentence of 10-30 years of imprisonment. The first three years were to be served without the benefit of probation, parole, or suspension of sentence. *Edden*, 259 So.3d at 1198, 1200. However, Edden was adjudicated a second felony offender based upon his prior felony conviction in Caddo Parish, Docket No. 284,739, unauthorized entry of an inhabited dwelling. *State v. Edden*, 52,288, p. 2 (La.App. 2 Cir. 11/14/18); 259 So.3d 1196, 1198. As a second felony offender, his sentencing range was 15 to 60 years.

According to the appellate court, Edden submitted a statement on sentencing. He stated that he was 28 years old, and he admitted his prior felony and misdemeanor convictions, in addition to his four prior convictions for domestic abuse. *Id.* at 1198. Edden admitted that he had also pleaded guilty to misdemeanor marijuana possession in August of 2012. *Id.* The trial court sentenced him to 37 years, which is well within the 15 to 60 year sentencing range for a second felony offender.

7

> As the appellate court noted:
>
> The sentence imposed falls within the range of sentences set forth by the legislature for Edden's second-felony habitual offender conviction. The facts of record show that Edden has consistently exhibited a pattern of and propensity toward domestic abuse against the women in his life, which continued after he committed the present offense. The record adequately demonstrates an undue risk that during another period of suspended sentence or probation, Edden will commit another domestic abuse crime. Additionally, Edden's criminal record spanned over a seven-year period and included offenses other than these domestic abuse convictions. These facts are sufficient to show that Edden has failed to benefit from prior leniency in sentencing and significant probationary treatment.
>
> Edden concedes that a period of incarceration is warranted under the facts of this case. The victim, Ms. Norris, has been left with lasting physical scarring. Edden's propensity toward abuse has not diminished and he fails to substantiate any new found claims of change. Ultimately, any mitigating factors cited by Edden were outweighed by the seriousness of the crime and aggravating factors evidenced on this record.
>
> When considering the facts of this matter, including Edden's disturbing pattern of domestic abuse against this victim, the nature of the crime, Edden's continued failure to benefit from prior leniency in sentencing, and risk of continuing this behavior, the chosen mid-range sentence, while substantial, is not shocking to the sense of justice and is adequately particularized and tailored to this defendant.

*Id.* at 1202.

Because the sentence falls within the statutory limits, it is entitled to a presumption of constitutionality and cannot be overturned unless the sentence is so disproportionate to the offense as to be "completely arbitrary and shocking." *See LeBlanc v. Warden, Louisiana Corr. Inst. for Women*, CIV.A. 13-2641, 2014 WL 1432003, at *9 (W.D. La. Apr. 14, 2014) (citing *Bonner v. Henderson*, 517 F.2d 135,

136 (5th Cir. 1975). Edden provides no evidence or argument to overcome that presumption. Edden simply fails to show that his sentence is grossly disproportionate to the offense.

### III. Conclusion

Because it plainly appears that Edden is not entitled to relief, IT IS RECOMMENDED that his Petition (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and

Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

SIGNED on Thursday, January 21, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE